UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DEBORAH F. R., )
 )
      PLAINTIFF, )
 )
vs. ) CASE NO. 17-CV-313-FHM
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security, )
 )
      Defendant. )

## OPINION AND ORDER

Plaintiff, DEBORAH F. R., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and

---

[1] Plaintiff Deborah F. R.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Deborah L. Rose was held June 18, 2015. By decision dated November 24, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 25, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 54 years old on the alleged date of onset of disability and 61 years old on the date of the denial decision. She has a Bachelor's Degree and her past relevant work includes a library clerk, accounting clerk, and cashier. [R. 39, 557]. Plaintiff claims to have been unable to work since November 10, 2008 due to fatigue, diabetes, neuropathy, osteoporosis, neck problems, two diabetic comas, colon surgery, collapsed cervical disc at C6-7, and herniated cervical disc. [R. 186].

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease, and diabetes mellitus. Non-severe impairments include osteoporosis; cataracts with loss of good visual acuity, but once removed, good visual acuity; bowel resection for removal of benign adenoma polyp; depression; and anxiety. [R. 30-31]. The ALJ determined that the Plaintiff has the residual functional capacity to perform less than the full range of light work, specifically, Plaintiff can lift and/or carry, push and/or pull up to 10 pounds frequently; lift

2

and/or carry up to 20 pounds occasionally; stand and/or walk up to 6 hours in an 8-hour workday; and sit for up to 6 hours in an 8-hour workday. Plaintiff can never climb ladders, ropes or scaffolding; can frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. Plaintiff should avoid all exposure to hazards including dangerous moving machinery and unprotected heights. The ALJ also determined that Plaintiff was limited to frequent handling and fingering from November 4, 2013 to December 31, 2013 which is Plaintiff's date last insured. [R. 33, 39].

The ALJ determined that Plaintiff is capable of performing past relevant work as a library clerk, accounting clerk, and cashier given her residual functional capacity. The ALJ, therefore, found that Plaintiff was not disabled as defined by the Social Security Act. [R. 39]. The case was thus decided at step 4 of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that: 1) the ALJ's findings as to Plaintiff's Residual Functional Capacity is erroneous; 2) the ALJ's credibility findings are not supported by substantial evidence; 3) the ALJ failed to follow the law at step four the of Sequential Evaluation Test; and 4) the ALJ erred in failing to follow the testimony of the vocational witness. [Dkt. 12, p. 5-6].

Residual Functional Capacity

Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence. [Dkt. 12, p. 6]. Plaintiff claims she had two diabetic coma instances that severely altered her

health.[2] Plaintiff contends the ALJ based her RFC finding on an incomplete evaluation of the record which establishes that she has severe limitations caused by her diabetes. Further, she is unable to grasp tools with both hands, is fatigued, and her eyesight was compromised by cataracts, floaters, and double vision. [Dkt. 12, p. 7]. It is Plaintiff's position that the ALJ erred by failing to include limitations caused by vision problems into the RFC and finding Plaintiff capable of frequently handling/fingering. [Dkt. 12, p. 7].

Contrary to Plaintiff's argument, substantial evidence supports the ALJ's RFC assessment. The ALJ addressed Plaintiff's allegations of fatigue and sleep deprivation due to chronic neck pain. The ALJ noted that Dr. Kache found Plaintiff only had moderate limitation in turning her head to the left, and only a mild limitation turning to the right. He found some diffuse tenderness in the cervical spine, but no trigger points. [R. 36]. The ALJ also determined that Plaintiff's daily activities, which included the ability to drive, shop, prepare simple meals, care for pets, and care for her husband who had cancer, were not consistent with allegations that she was limited by constant fatigue. [R. 38].

Further, the ALJ thoroughly discussed Plaintiff's vision problems noting a 2010 eye examination that showed Plaintiff's best-corrected vision was 20/20 in both eyes. [R. 448]. In a June 2012 examination Plaintiff denied blurred vision, cataracts, glaucoma, scotomata, and vision changes. [R. 449]. The consultative examination in November 2013 revealed Plaintiff's corrected vision was 20/40 in each eye. [R. 558]. Plaintiff had cataract surgery which restored her vision and there was no evidence of diabetic retinopathy. Further,

---

[2] Plaintiff claims that she has had two diabetic coma instances. Medical record evidence indicates that Plaintiff suffered from ketoacidosis. Plaintiff presented with an altered state of mind but did not lose conscientiousness or lapse into a coma. [R. 343, 402].

4

Plaintiff's activities of daily living where not hindered by Plaintiff's visual limitations. Plaintiff continued to drive, shop, read, play cards and board games, puzzles, and watch movies. [R. 571]. The ALJ determined that Plaintiff's loss of visual acuity was not severe prior to the date last insured. [R. 31].

The ALJ also considered the December 9, 2013 opinion of consultative examiner Ashok Kache M.D., where he found Plaintiff's grip strength was weak bilaterally and she was unable to grip a hammer. [R. 557-566]. The ALJ, however, accepted the opinion of DDS consultant, Donald Baldwin, M.D. who determined Dr. Kache's assessment regarding Plaintiff's ability to grasp tools was based upon a finding of decreased grip strength which was somewhat inconsistent with the remainder of the physical examination. Dr. Baldwin opined that since Dr. Kache did not actually test Plaintiff's grip strength, but relied upon her subjective report of problems, his finding was at best an estimate. Further, Dr. Baldwin noted there was no evidence of arthritis, no signs of visible deformities, no joint hypertrophy, no soft tissue swelling, or localized tenderness. [R. 601]. The ALJ determined that with subsequent x-rays, Dr. Kache's findings support a limitation to frequent handling and fingering. [R. 37]. The court finds that the ALJ's RFC finding is supported by substantial evidence. Accordingly, the court sees no error in the ALJ's RFC.

## Credibility

Plaintiff argues that the ALJ's credibility findings are not supported by substantial evidence which impacted the RFC. Plaintiff contends that the ALJ relied on "boilerplate" statements that included conclusions without an explanation. [Dkt. 12, p. 7]. Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence. However, findings as to

5

credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Id.*

Contrary to Plaintiff's claims, the ALJ articulated her reasons for her credibility finding including Plaintiff's description of daily activities. Plaintiff could drive, shop, prepare simple meals, care for pets, and care for her husband with cancer. Further, Plaintiff has generally not received the type of medical treatment one would expect for a totally disabled individual because she had relatively little treatment during the period at issue. A nerve conduction study from January 16, 2009 revealed all muscle groups were within normal limits. A bone density study revealed she had osteoporosis, however, at an examination on October 22, 2012 she denied trauma, back pain, muscle weakness, and osteoporosis. The ALJ discussed Plaintiff's diabetes but noted that there was no evidence she suffered any end organ damage and she had no significant problems with her vision, kidneys, hands, or feet prior to the date last insured. [R. 38]. The ALJ thus properly linked her credibility finding to the record. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### **Step Four**

Plaintiff argues that the ALJ denied benefits at step four of the sequential evaluation test without any attempt to perform the analysis that is required pursuant to *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996). In *Winfrey*, the court articulated three phases an ALJ must address in making a determination at step four. The first phase requires an evaluation of the claimant's RFC. *Id.* at 1023. The second phase entails an examination

6

of the demands of the claimant's past relevant work. *Id.* In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* Specific findings are required at all phases. *Id.*

Plaintiff contends that the ALJ failed to perform phases two and three. [Dkt. 12, p. 13]. Further, had the ALJ made additional inquiries and a function-by-function analysis of the past relevant work, it would have been apparent that Plaintiff could not have been able to perform her past relevant work because of Plaintiff's impairments, particularly fatigue, pain, vision, and hand problems. [Dkt. 12, p. 12].

After considering Plaintiff's testimony, the medical evidence, and evidence regarding her daily activities, the ALJ concluded that Plaintiff could perform less than the full range of light work with postural limitations including a limitation to frequent handling and fingering. [R. 33, 39]. This completed the analysis under phase one of *Winfrey.* Phase two required the ALJ to make specific findings concerning the physical and mental demands of Plaintiff's past relevant work. The ALJ identified Plaintiff's past relevant work included a library clerk, an accounting clerk, and a cashier. She also determined the demands of Plaintiff's past relevant work by noting their respective Dictionary of Occupational Titles (DOT)[3] numbers, exertional level, and specific vocational preparation (SVP).[4] Additionally, the ALJ specifically consulted the DOT to confirm that the past relevant work required frequent handling and fingering. [R. 39]. This evidence was sufficient to determine the

---

[3] *Dictionary of Occupational Titles* (4th ed., 1991)(DOT).

[4] Library clerk, DOT #249.367-046, light, SVP 4; accounting clerk, DOT #210.382-014, sedentary, SVP 4; and cashier, DOT # 211.482-014,light, SVP 3. [R. 39].

7

physical and mental demands of claimant's past work as generally performed and to satisfy the ALJ's obligation under *Winfrey*. To satisfy the last *Winfrey* requirement, the ALJ must decide whether Plaintiff has the ability to meet the job demands of her past relevant work, as determined in phase two, despite the limitations identified during phase one. The ALJ completed this phase when relying upon the testimony of Plaintiff, the vocational expert, and the information contained in the DOT, she found Plaintiff could perform her past relevant work as generally performed. [R. 39].

Plaintiff has not pointed to any physical or mental demands of Plaintiff's past relevant work, as generally performed, that Plaintiff could not perform with the RFC as determined by the ALJ. Thus the court finds the ALJ adequately complied with the *Winfrey* requirements in determining that Plaintiff could perform her past relevant work.

## **Testimony of Vocational Expert**

The vocational expert testified that Plaintiff's past relevant work as a library clerk, accounting clerk, and cashier all required good vision. [Dkt. 12, p. 13-14]. Plaintiff claims that her vision is not good despite cataract surgery as she still suffers from floaters and double vision. [Dkt. 12, p. 15]. Plaintiff argues the ALJ failed to follow the testimony of the vocational expert by finding Plaintiff could perform her past relevant work. The court does not agree.

The ALJ thoroughly discussed Plaintiff's visual acuity noting that in October 2011 her best corrected vision was 20/20 in both eyes. [R. 448]. In October 2012, Plaintiff wore glasses but denied blurred vision, cataracts, glaucoma, scotomata, and vision change. [R. 449]. A consultative examination in November 2013 revealed Plaintiff could not read an eye chart without her glasses, but with her glasses her vision was 20/40. [R. 558]. There

8

was no evidence of diabetic retinopathy and cataracts did not interfere with her activities of daily living. Further, once Plaintiff had cataract surgery, her vision was restored. [R. 31, 620-21, 626-67, 630, 668]. The ALJ determined Plaintiff's visual acuity did not cause more than a minimal limitation in her ability to perform basic work activities and was therefore non-severe. [R. 30-31].

Basically, Plaintiff disagrees with the ALJ's findings and is essentially asking this court to reweigh the evidence, "an invitation we must decline." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005). See also *Wall*, 561 F.3d at 1069 (where substantial evidence supports the decision, "we may not reweigh the evidence or try the issues de novo in order to advance a different view" (internal quotation marks omitted)); *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir.2007) ("We review only the sufficiency of the evidence, not its weight[.]"). The court finds that the ALJ did not fail to follow the testimony of the vocational expert. Further, substantial evidence exists to support the ALJ's decision that Plaintiff's visual acuity was a non-severe impairment. Accordingly, the ALJ appropriately determined that Plaintiff could do her past relevant work and is therefore not disabled.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 2nd day of October, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE